GROSS *v.* UNITED STATES (No. 451). HERSKOVITZ *v.* UNITED STATES (No. 452).[1]

1. GOOSE SKINS USED OTHERWISE THAN AS DOWN.

Paragraph 425, tariff act of 1897, making feathers and downs when dressed, colored, or otherwise advanced or manufactured in any manner dutiable at 50 per cent, does not extend to or include goose skins adapted to and employed for other purposes than those for which down is used.

2. SAME—WHEN USED AS FURS ARE USED.

The evidence showing that the use to which goose skins such as were here imported are ordinarily put is similar to the use of fur and not to that of down, they were dutiable by similitude under paragraph 426 of that act and according thus with a long-continued practice of the Treasury Department.

United States Court of Customs Appeals, March 13, 1911.

APPEAL from United States Circuit Court for Southern District of New York (T. D. 30122, T. D. 30806).

[Reversed.]

*Joseph G. Kammerlohr* and *John Giblon Duffy* for the appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Charles D. Lawrence* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

These are appeals from the judgment of the United States Circuit Court for the Southern District of New York affirming the decision of the Board of United States General Appraisers.

---

[1] Reported in T. D. 31410 (20 Treas. Dec., 499).

The merchandise which is the subject of the controversy consists of goose skins with the down on from which the feathers have been plucked, and which were assessed for duty by the collector of customs at 50 per cent ad valorem under paragraph 425 of the tariff act of 1897, which reads in part as follows:

Feathers and downs of all kinds, including bird skins or parts thereof with the feathers on, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for in this act, fifteen per centum ad valorem; when dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down, * * * fifty per centum ad valorem.

It is contended that the merchandise is properly dutiable by similitude under paragraph 426 of said act, as follows:

Furs, dressed on the skin but not made up into articles, and furs not on the skin, prepared for hatters' use, including fur skins carroted, twenty per centum ad valorem.

Or under section 6 of said act as nonenumerated manufactured articles.

The Board of General Appraisers overruled the protest, and the Circuit Court for the Southern District of New York affirmed the decision of the board.

The circuit court and the Board of General Appraisers seem to have considered the fact that the down was on the skin did not prevent a classification of the importation as down. We are unable to concur in this holding. Under the first part of the paragraph, if we assume that a goose is a bird within the meaning of the language employed, then under the rule of *expressio unius est exclusio alterius* the importation in question would be excluded from the provision. "Feathers and downs of all kinds, including bird skins or parts thereof with the feathers on," would exclude the skins of birds with the feathers removed. So reliance must be placed upon the words "feathers and downs of all kinds, * * * crude or not dressed, colored, or otherwise advanced or manufactured in any way," and the provision that when dressed, colored, or otherwise advanced, including quilts of down and other manufactures of down, a higher rate of duty is fixed. Under the prior tariff law, by a decision of the Board of General Appraisers, G. A. 1434 (T. D. 12828), it was held of an importation precisely like that in question that it was not within the provision containing the same language as that employed here except for the words added in the law of 1909, "otherwise advanced in any manner." The question is whether by the introduction of these words these goose skins have been made dutiable.

We think not. All that appears to have been done to this merchandise is that the skins were dressed by having a leather dressing applied to them and the feathers cleaned but not colored.

We think that the intention of this provision was to limit it to feathers and downs except as provided in the first part of the paragraph by which the term "feathers and downs" was extended to include "bird skins or parts thereof with the feathers on;" that it was not intended otherwise tó extend them to include birds or fowls, or goose skins adapted to and employed for other purposes than to be used as down; that the concluding portion of. the section "when dressed or otherwise advanced in any manner" was intended to apply to down and not to an advance in the importation by making it something else, than down and devoting it to another and distinct purpose.

The evidence clearly shows that the use to which this importation is put is similar to that of fur. It is almost exclusively sold by furriers and is not devoted to the ordinary uses to which down is devoted. By similitude it should be assessed under paragraph 426.

This ruling accords with the long-continued practice of the Treasury Department, as the evidence shows.

· It results that the decisions of the court and of the Board of. General Appraisers are *reversed*.

HUNT, SMITH, BARBER, and DE VRIES, Judges. concur.