UNITED STATES *v.* HERSKOVITS & SON (No. 1862).[1]

GOOSE SKINS.

> Goose skins dressed with the down on, not suitable for millinery ornaments, are dutiable as "downs on the skin, * * * dressed, * * * and not suitable for use as millinery ornaments" (par. 347, tariff act of 1913), and not, by virtue of paragraph 386, by similitude, as "furs dressed on the skin" (par. 348).—Herskovits *v.* United States (1 Ct. Cust. Appls., 321; T. D. 31410) distinguished.

United States Court of Customs Appeals, November 3, 1917.

APPEAL from Board of United States General Appraisers, Abstract 40982.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*C. D. Lawrence* and *Thomas J. Doherty* special attorneys, of counsel), for the United States.
*Brooks & Brooks* for appellees.

[Oral argument Oct. 11, 1917, by Mr. Lawrence.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of goose skins dressed with the down on, and not suitable for use as millinery ornaments. Duty was assessed at the rate of 40 per cent ad valorem under paragraph 347 of the tariff act of 1913.

The importers protested against the assessment, claiming the goods to be dutiable at the rate of 30 per cent ad valorem by similitude with furs dressed on the skin under paragraph 348 of the act.

The Board of General Appraisers sustained the protest, and the Government appeals.

The following is a copy of the board's decision in the case:

> The merchandise consists of goose skins assessed with duty at the rate of 40 per cent ad valorem under paragraph 347 of the tariff act of 1913 as manufactures of down. Claim is made that duty should have been assessed at the rate of 30 per cent ad valorem under paragraphs 348 and 386 of said act as furs dressed on the skin.
>
> The protest is submitted for decision on the special report of the appraiser, which is incorporated by consent and made a part of the record in this case. Said report shows that the merchandise consists of goose skins dressed with the down on, and that they are of the same character as those subject of Herskovits *v.* United States (1 Ct. Cust. Appls., 321; T. D. 31410). In that case such skins were held to be dutiable by similitude to furs dressed on the skin under paragraph 426 of the tariff act of 1897. This merchandise should therefore take the same classification under the corresponding paragraph of the tariff act of 1913 by similitude. The 30 per cent claim under paragraph 348 is therefore sustained and the decision of the collector reversed accordingly.

We think that the board erred in assuming that the present issue is governed by the decision of this court in the case of Herskovits *v.* United States, above cited. It is true that the merchandise involved in the two cases is alike, but the governing tariff provisions are essentially different.

---

[1] T. D. 37415 (33 Treas. Dec., 367).

The former case arose under the tariff act of 1897. Paragraph 425 of that act provided for "feathers and downs of all kinds, including bird skins or parts thereof with the feathers on, * * * dressed." The court held that this classification did not cover dressed goose skins with the down on from which the feathers had been plucked, but that such skins were dutiable under paragraph 426 of the act by similitude with "furs dressed on the skin."

The present merchandise, however, was imported under the tariff act of 1913. Paragraph 347 of that act provides for "feathers and downs, on the skin or otherwise, * * * when dressed * * * and not suitable for use as millinery ornaments." This provision, unlike that under consideration in the former case, specifically covers such articles as these, which are "downs on the skin, dressed, and not suitable for use as millinery ornaments"; and consequently there is no occasion for the application of the similitude provisions which governed in the former case. The collector's assessment herein was correctly made pursuant to the specific classification just cited, and accordingly should have been sustained.

The decision of the board in support of the protest is therefore *reversed*.